UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

RUFINO DE JESUS GALINDO,            :

               Plaintiff,     :

  -against-                        :

BLL RESTAURANT CORP. d/b/a          :
"Porto," et al.,
                              :

               Defendants.

------------------------------------X

15 Civ. 5885 (HBP)

OPINION
AND ORDER

        PITMAN, United States Magistrate Judge:

        Plaintiff commenced this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") to recover allegedly unpaid minimum wage and overtime pay, spread-of-hour pay and penalties for failure to provide wage statements and notices under the NYLL.

        The parties reached a settlement and now seek approval of their proposed settlement agreement (Letter of Brandon D. Sherr, Esq., to the undersigned, dated Oct. 6, 2017 (Docket Item ("D.I.") 44) ("Sherr Letter")). The parties have consented to my exercising plenary jurisdiction over this action pursuant to 28 U.S.C. § 636(c).

        Under the settlement agreement, defendants agree to pay

a total amount of $22,000 -- $10,120.37 being paid to plaintiff's counsel as attorneys' fees and costs and $11,879.63 being paid to plaintiff as the net settlement (Sherr Letter, Ex. 1 § 1). I cannot approve the settlement as it currently stands because the settlement agreement (1) contains a unilateral general release that is impermissible and (2) unreasonably allots almost half of the total settlement as attorneys' fees.

The settlement agreement provides, in pertinent part, that plaintiff releases:

> all possible charges, complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against each of the Defendants and their (as applicable) respective parent companies, subsidiaries, divisions, related or affiliated companies, spouses, heirs, executors, testators, representatives, predecessors, successors or assigns, or their current or former employees, agents, attorneys, shareholders, officers, directors, and sole proprietors . . . . based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) that were or could have been alleged or asserted in the Action, (b) relating to or arising out of wages, hours, overtime, prevailing wages, or wage deductions, (c) arising out of the [FLSA] and/or the [NYLL], (d) arising under any actual or allege[d] express or implied contract, or under any common law or for any tort, or otherwise, in regard to any action or inaction by the Defendants during the period of Plaintiff's employment at Defendant's restaurant . . . . This waiver and release includes all claims described above known to Plaintiff, as well as all possible claims that are not now known to Plaintiff.

(Sherr Letter, Ex. 1 § 2). Plaintiff further agrees that "he

2

will not commence any new lawsuits in State or Federal Court . . . . against any of the Defendants or the Releasees" and that "he will decline to opt-in to any current or future lawsuit or similar proceeding against any of the Defendants or other Releasees and will affirmatively opt-out of any future lawsuit or proceeding against the Company or the Releasees" (Sherr Letter, Ex. 1 § 5). The proposed settlement agreement does not include any reciprocal release in favor of plaintiff from the releasees.

The "primary remedial purpose" of the FLSA is "to prevent abuses by unscrupulous employers and remedy the disparate bargaining power between employers and employees." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015). The release clause here frustrates this remedial purpose for two reasons: (1) the release is impermissibly broad because it bars claims by plaintiff that are unrelated to wage and hour issues and (2) it is entirely unilateral and does not release any claims against plaintiff.

"Courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.), quoting Lopez v. Nights of

3

Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (Kaplan, D.J.); accord Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (unilateral release of defendant permissible where it was limited only to claims arising under the FLSA); Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.) (release of known and unknown claims is permissible so long as it is limited to wage and hour claims); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 26, 2016) (Nathan, D.J.) (rejecting release that included known and unknown claims that was not limited to wage and hour issues); Camacho v. Ess-A-Bagel, Inc., 14 Civ. 2592 (LAK), 2014 WL 6985633 at *4 (S.D.N.Y. Dec. 11, 2014) (Kaplan, D.J.) ("releases may include claims not presented and even those which could not have been presented, but only when the released conduct arises out of the identical factual predicate as the settled conduct").

While the release mentions the preclusion of claims arising under the FLSA and the NYLL and specific wage-related issues in clauses (b) and (c) of § 2 of the agreement (Sherr Letter, Ex. 1 § 2), the release's language does not limit plaintiff's release of just those claims. The release goes on to bar any claims that "could have been alleged or asserted" in the

4

action and claims arising under any "express or implied contract" or "any tort" (Sherr Letter, Ex. 1 § 2). It also bars plaintiff from participating in any future lawsuit against defendants or releasees (Sherr Letter Ex. 1 § 5). As written, the release "could be applied to absurd effect[.]" Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (Moses, M.J.). For example, if the release were given literal effect, plaintiffs would not be able to sue defendants' former employees for breach of contract or for an assault. Such a result is absurd and contrary to the FLSA's remedial purposes.

Like the release I rejected in Flores v. Hill Country Chicken NY, LLC, 16 Civ. 2916 (AT)(HBP), 2017 WL 3448018 at *2 (S.D.N.Y. Aug. 11, 2017) (Pitman, M.J.), this release provision would not only bar claims by plaintiff unrelated to wage and hour issues against defendants themselves, but it would also bar claims against a broad array of persons, including parent companies, subsidiaries, divisions, related or affiliated companies, spouses, heirs, executors, testators, representatives, predecessors, successors or assigns, current or former employees, agents, attorneys, shareholders, officers, directors and sole proprietors. Such a broad and general release provision that "runs only in favor of defendants" must be rejected. See Barbecho v. M.A. Angeliades, Inc., 11 Civ. 1717 (HBP), 2017 WL 1194680 at *2

5

(S.D.N.Y. Mar. 30, 2017) (Pitman, M.J.); see also Lopez v. Poko-St. Ann L.P., supra, 176 F. Supp. 3d at 344 (rejecting a general release that released a "long list" of entities and persons related to defendants from "every imaginable claim"). The parties must limit both the persons and the claims to which the release applies.

Additionally, the general release provision is impermissible because it is not mutual. Under the current proposed settlement, plaintiff must surrender all claims against a broad range of parties, yet defendants are not required to release any claims. As courts in this Circuit have noted, "judicial disfavor of broad releases is especially pronounced where the releases were not mutual and protected only the defendants." Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.); see also Snead v. Interim Healthcare of Rochester, Inc., 16-cv-6550 (EAW), 2018 WL 1069201 at *7 (W.D.N.Y. Feb. 26, 2018); Weng v. T&W Rest., Inc., 15 Civ. 08167 (PAE)(BCM), 2016 WL 3566849 at *5 (S.D.N.Y. Jun. 22, 2016) (Moses, M.J.). The unilateral nature of the release is further proof that it is inconsistent "with the goals of a fair and just settlement." Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.) (holding general releases must be mutual to

ensure employees also do not "still face the threat of litigation").

Plaintiff's request for attorneys' fees under the proposed settlement is equally problematic. Plaintiff's counsel seeks $10,120.37 of the settlement amount as attorneys' fees and costs. Plaintiff is represented by the Law Office of Justin A. Zeller, P.C.. Attorneys Justin A. Zeller, Brandon D. Sherr and John M. Gurrieri worked collaboratively on this action. Plaintiff's counsel requests an hourly rate of $400 for Mr. Zeller who spent 1.2 billable hours litigating the action, an hourly rate of $350 for Mr. Sherr who spent 15.6 hours litigating the action and an hourly rate of $300 for Mr. Gurrieri who spent 21.4 hours litigating the action (Sherr Letter at 4-5). Plaintiff's counsel correctly points out that if I were to approve these hourly rates and the hours claimed, the attorneys' fee would be $12,360.00 (Sherr Letter at 5). Plaintiff's counsel contends that because he is requesting only $10,120.37, inclusive of $1,320.37 in out-of-pocket costs, the request is reasonable even though it represents 40% of the total settlement after costs are subtracted. This argument is not persuasive.

Whether an attorneys' fee award is reasonable is within the discretion of the court. Black v. Nunwood, Inc., 13 Civ. 7207 (GHW), 2015 WL 1958917 at *4 (S.D.N.Y. Apr. 30, 2015)

7

(Woods, D.J.) (collecting cases). "[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees [in FLSA cases] except in extraordinary circumstances." Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.); accord Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013). The Court of Appeals for the Second Circuit has cautioned district courts against approving fee awards of 40% because of "the potential for abuse in [FLSA] settlements." Cheeks v. Freeport Pancake House, Inc., supra, 796 F.3d at 206 (rejecting attorneys' fees that amounted to 40% to 43.6% of the overall settlement); see also Seck v. Dipna Rx, Inc., 16 Civ. 7262 (PKC), 2017 WL 1906887 at *3 (S.D.N.Y. May 8, 2017) (Castel, D.J.) (rejecting attorneys' fees that amounted to 52% of the overall settlement); Aquino v. Fort Washington Auto Body Corp., 16 Civ. 390 (HBP), 2017 WL 1194734 at *3 (S.D.N.Y. Mar. 31, 2017) (Pitman, M.J.) (rejecting attorneys' fees that amounted to 40% of the overall settlement); Lopez v. Poko-St. Ann L.P., supra, 176 F. Supp. 3d

at 342-43 (rejecting attorneys' fees that amounted to 40% of the overall settlement).

Plaintiff's counsel fails to provide adequate documentation to demonstrate that litigating this FLSA case "required more attention and effort than usual" to justify an award above the normal rate of one-third of the total settlement. Aquino v. Fort Washington Auto Body Corp., supra, 2017 WL 1194734 at *3; accord Cheeks v. Freeport Pancake House, Inc., supra, 796 F.3d at 206; Lopez v. Poko-St. Ann L.P., supra, 176 F. Supp. 3d at 342-43. Plaintiff's counsel submitted contemporaneous time records documenting the 38.2 billable hours spent litigating the action; however, these records and extremely vague and do not provide sufficient detail to justify the requested award (Sherr Letter, Ex. 2 ("Pl. Time-sheets")). For example, the majority of tasks documented in the records are listed as "other written motions/submissions," "manage data/files," "case assessment," "case development," "fact investigations" and "communications" (Pl. Time-sheets). These vague terms do not provide any insight into the actual task being performed or whether the nature of the work warrants an above market rate attorneys' fee award. See Pastor v. Alice Cleaners, Inc., 16 Civ. 7264 (JLC), 2017 WL 5625556 at *9 (S.D.N.Y. Nov. 21, 2017) (Cott, M.J.) (vague time-sheet entries such as "trial prep" merit a reduction in fees

9

because the entries "do not explain what tasks were completed or the nature of the work done").

Furthermore, the underlying facts and history of this action show that it is a fairly routine FLSA wage and hour matter. This was not a large class action, nor did it involve any complex legal issues. Courts have noted that "it is difficult to justify an above-market contingency fee" in cases such as this, where the parties settle relatively early in the litigation. Lopez v. Poko-St. Ann L.P., supra, 176 F. Supp. 3d at 343 (refusing a 40% total award fee where case settled after the first deposition).

Therefore, I find that one-third of the net settlement amount, after the deduction of approved costs, is the appropriate attorneys' fee.

Turning to the request for reimbursement of out-of-pocket costs, plaintiff's counsel requests a $400 filing fee, $910 in process server fees and $10.37 for supplies and postage, for a total request of $1,320.37. Although the filing fee and the cost of supplies and postage is reasonable, the request for $910 in process server fees is far above the amount normally sought for this expense.[1] Plaintiff's counsel again does not

---

[1] See Hernandez v. Loco 111 Inc., 17 Civ. 666 (RA), 2017 WL
(continued...)

provide any documentation or explanation of the unusually high service fee. The party moving for costs bears the burden of demonstrating the reasonableness of each charge and "failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." Piedra v. Ecua Restaurant, Inc., 17-CV-3316 (PKC)(CLP), 2018 WL 1136039 at *20 (E.D.N.Y. Jan. 31, 2018) (Report & Recommendation), adopted at, 2018 WL 1135652 (E.D.N.Y. Feb. 28, 2018); see also Pastor v. Alice Cleaners, Inc., supra, 2017 WL 5625556 at *9 (refusing to award $225 in service of process costs without underlying documentation); Changxing Li v. Kai Xiang Dong, 15 Civ. 7554 (GBD)(AJP), 2017 WL 892611 at *17 (S.D.N.Y. Mar. 7, 2017) (Peck, M.J.) (Report & Recommendation), adopted at, 2017 WL 1194733 (S.D.N.Y. Mar. 31, 2017) (Daniels,

---

[1](...continued)
6205809 at *3 (S.D.N.Y. Dec. 5, 2017) (Abrams, D.J.) ($215 service of process fees reasonable); Singh v. Zoria Housing LLC, 16-CV-02901 (SJ)(RER), 2017 WL 6947717 at *4 (E.D.N.Y. Nov. 17, 2017) (Report & Recommendation), adopted at, 2018 WL 437492 (E.D.N.Y. Jan. 16, 2018) ($156 for service of process fees reasonable); Ming Hui v. Shorty's Seafood Corp., 15-CV-7295 (RJD)(ST), 2017 WL 5054401 at *13 (E.D.N.Y. Sept. 6 2017) (Report & Recommendation), adopted at, 2017 WL 5125527 (E.D.N.Y. Nov. 2, 2017) ($53.45 for service of process reasonable); Chamoro v. 293 3rd Café, Inc., 16 Civ. 339 (PAE), 2016 WL 5719799 at *4 (S.D.N.Y. Sept. 30, 2016) (Engelmayer, D.J.) ($102 service of process fees reasonable); Xochimitl v. Pita Grill of Hell's Kitchen, Inc., 14 Civ. 10234 (JGK)(JLC), 2016 WL 4704917 at *22 (S.D.N.Y. Sept. 8, 2016) (Cott, M.J.) (Report & Recommendation), adopted at, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) (Koeltl, D.J.) ($225 service of process fees reasonable).

D.J.) (refusing to award $120 in service of process costs without underlying documentation); Martinez v. Alimentos Saludables Corp., 16 CV 1997 (DLI)(CIP), 2017 WL 5033650 at *29 (E.D.N.Y. Sept. 22, 2017) (refusing to award $300 in service of process costs without underlying documentation); Almanzar v. 1342 St. Nicholas Ave. Restaurant Corp., 14 Civ. 7850 (VEC)(DF), 2016 WL 8650464 at *21 (S.D.N.Y. Nov. 7, 2016) (Freeman, M.J.) (Report & Recommendation), adopted at, 2017 WL 1194682 (S.D.N.Y. Mar. 30, 2017) (Caproni, D.J.) (refusing to award $225 in service of process costs without underlying documentation).

Accordingly, within 30 days of the date of this Order, the parties are to provide the information sought and a revised settlement agreement that eliminates the foregoing issues.

Dated: New York, New York
April 6, 2018

SO ORDERED

*signature*

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel