UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

RUFINO DE JESUS GALINDO,                    :

                          Plaintiff,        :

     -against-                              :

BLL RESTAURANT CORP. d/b/a                  :
"Porto," et al.,
                                            :
                          Defendants.

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/18

15 Civ. 5885 (HBP)

OPINION
AND ORDER

          PITMAN, United States Magistrate Judge:

          This matter is before me on the parties' joint applica-

tion to approve their settlement (Letter of Brandon D. Sherr,

Esq., to the undersigned, dated May 29, 2018 (Docket Item

("D.I.") 48) ("Sherr Letter")).  The parties have consented to my

exercising plenary jurisdiction over this action pursuant to 28

U.S.C. § 636(c).

          Plaintiff alleges that he was employed as a dishwasher

from 2005 until June 2014 at Porto Bello Restaurant that was

owned and operated by defendants.  Plaintiff further alleges that

he worked approximately 48 to 55 hours per week and was never

paid overtime premium pay or spread-of-hours wages.  Plaintiff

commenced this action pursuant to the Fair Labor Standards Act

(the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor

Law (the "NYLL") and seeks to recover overtime pay, spread-of-hour pay and penalties for failure to provide wage statements and notices under the NYLL. Plaintiff commenced this action as a collective action, but reached a settlement before conditional certification. Plaintiff's total alleged damages, exclusive of pre-judgment interest and attorneys' fees and costs, are $35,904.62.[1]

Defendants deny plaintiff's claims and maintain that they paid plaintiff proper wages throughout the entirety of his employment.

I previously rejected the settlement in this action on the grounds that the settlement agreement (1) contained an impermissible unilateral release in favor of defendants, (2) unreasonably allotted almost half of the total settlement to attorneys' fees and (3) permitted the reimbursement of a $910 process server fee without supporting documentation. See De Jesus Galindo v. BLL Restaurant Corp., 15 Civ. 5885 (HBP), 2018 WL 1684412 (S.D.N.Y. Apr. 6, 2018). On May 29, 2018, the parties submitted the proposed settlement agreement currently before me,

_____

[1] According to plaintiff's counsel's previous letter to the undersigned, this figure includes $17,907.57 in actual damages and $17,997.05 in liquidated damages and statutory penalties (Letter of Brandon D. Sherr, Esq., to the undersigned, dated Oct. 6, 2017 (D.I. 44)).

claiming to have revised it in accordance with this Opinion and Order (Settlement Agreement and Release, annexed to Sherr Letter as Ex. 1, dated May 25, 2018 (D.I. 48-1) ("Settlement Agreement")). Because the parties reached a settlement before a settlement conference was actually held, my knowledge of the underlying facts and the justification for the settlement is limited to counsels' representations in the letters submitted in support of the settlement.

Under the proposed settlement agreement, defendants agree to pay a total amount of $22,000 -- $8,213.58 being paid to plaintiff's counsel as attorneys' fees and costs and $13,786.42 being paid to plaintiff (Settlement Agreement § 1).

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376. at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an

FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement, after deduction of fees and costs, represents approximately 38% of his total alleged damages. This percentage is reasonable. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of

FLSA plaintiffs' maximum recovery is reasonable); Felix v.
Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at
*2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of
25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense
and aggravation of litigation. If the parties had not settled
early in this litigation, plaintiff would have moved to certify
the class, which would require extensive motion practice.
Furthermore, because the action settled prior to the start of
formal discovery, the parties will be able to avoid the pro-
tracted expense of taking multiple depositions.

Third, the settlement will enable plaintiffs to avoid
the risk of litigation. Counsel represents that even if plain-
tiff was successful at trial, he would face an additional post-
judgment risk of defendants' insolvency due to defendants'
existing obligations arising from the settlement of a previous
action. An early settlement eliminates this risk.

Fourth, counsel represents that the settlement is the
product of arm's-length bargaining between experienced counsel
and that counsel advocated zealously on behalf of their respec-
tive clients during negotiations. There is no evidence to the
contrary.

Fifth, there are no factors here that suggest the

5

existence of fraud.  Counsel represents that the settlement was
agreed upon after extensive negotiations between the parties'
attorneys.

The parties also agree to a mutual release limited to
wage-and-hour claims.  I find this release permissible because it
is narrowly tailored to wage-and-hour issues and equally binds
both parties.  See Redwood v. Cassway Contracting Corp., supra,
2017 WL 4764486 at *3 (release of defendants "from any and all
wage and hour and/or notice claims" that could have been brought
permissible "because it is limited to claims relating to wage and
hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL
1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release
that is "narrowly-tailored to plaintiffs' wage-and-hour claims"
permissible); see also Santos v. Yellowstone Props., Inc., 15
Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10,
2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ.
8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016)
(Nathan, D.J.).

Finally, the settlement agreement provides that
$1,320.37 will be paid to plaintiff's counsel for out-of-pocket
costs and $6,893.21 will be paid to plaintiff's counsel as a
contingency fee.  In my previous Opinion and Order, I denied
counsel's request for reimbursement of a $910 service of process

6

fee because there was no documentation to support the request.
Because plaintiff's counsel submitted an invoice for this cost
with the parties' modified settlement agreement, I now approve
the $910 reimbursement (Apple Attorney Service Invoice, annexed
to Sherr Letter as Ex. 2 (D.I. 48-2)). Piedra v. Ecua Restau-
rant, Inc., 17-CV-3316 (PKC)(CLP), 2018 WL 1136039 at *20
(E.D.N.Y. Jan. 31, 2018) (Report & Recommendation), adopted at,
2018 WL 1135652 (E.D.N.Y. Feb. 28, 2018) (the party moving for
costs bears the burden of demonstrating the reasonableness of
each charge and "failure to provide adequate documentation of
costs incurred will limit, or even defeat, recovery"). Thus,
counsel is entitled to a total of $1,320.37 in out-of-pocket
costs.[2]

Consistent with my previous ruling, plaintiff's counsel
has also modified his request for attorneys' fees to $6,893.21 --
one-third of the net settlement after the deduction of approved
costs (Settlement Agreement § 1(a)). I find this to be a
reasonable and appropriate contingency fee. See Santos v. EL
Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at
*3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this

---

[2] I previously approved counsel's request for reimbursement
of $400 for the filing fee and $10.37 for postage. De Jesus
Galindo v. BLL Restaurant Corp., supra, 2018 WL 1684412 at *4.

District have declined to award more than one third of the net

settlement amount as attorney's fees except in extraordinary

circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc.,

13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31,

2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13

Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014)

(Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No.

13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013)

(approving attorneys' fees of one-third of FLSA settlement

amount, plus costs, pursuant to plaintiff's retainer agreement,

and noting that such a fee arrangement "is routinely approved by

courts in this Circuit").  Thus, plaintiff's counsel is awarded

$6,893.21 as a contingency fee and $1,320.37 in out-of-pocket

costs, for a total of $8,213.58.

Accordingly, for all the foregoing reasons, I approve

the settlement in this matter.  In light of the settlement, the

action is dismissed with prejudice and without costs.  The Clerk

is respectfully requested to mark this matter closed.

Dated:  New York, New York
         June 8, 2018

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All Counsel